**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RED PINE POINT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| AMAZON.COM, INC. AND | ) | |
| MAGNOLIA PICTURES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Red Pine Point LLC ("Red Pine"), by its undersigned attorneys, for its Complaint against Defendants Amazon.com, Inc. ("Amazon" or "Defendant") and Magnolia Pictures LLC ("Magnolia" or "Defendant"), states as follows:

### I. NATURE OF THE ACTION

1. This is a patent infringement action by Red Pine against Amazon, an online retailer and manufacturer, and Magnolia, a movie distributor. As detailed below, Red Pine has been harmed by Amazon's and Magnolia's unlawful use of Red Pine's patents for commercial purposes.

### II. JURISDICTION AND VENUE

2. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*. This court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court may exercise personal jurisdiction over Amazon and Magnolia pursuant to the Illinois long-arm statute, 735 ILCS § 5/2-209. Amazon and Magnolia conduct continuous and systematic business in Illinois and this District. For example, Amazon sells the

Kindle Fire, a tablet computer, in this District. The Kindle Fire allows users to download and view feature length films like *Best Man Down* before the films are publicly available to view in movie theaters or on DVD. As will be described below, these patent-infringement claims arise directly from Amazon's and Magnolia's continuous and systematic activity in this District. This Court's exercise of jurisdiction over Amazon and Magnolia would thus be consistent with 735 ILCS § 5/2-209, and traditional notions of fair play and substantial justice.

4. Venue is proper under 28 U.S.C. §§ 1391(b)(3) and 1400(b).

### III. PARTIES

*Plaintiff*

5. Red Pine is a limited liability company organized under the laws of Nevada. Red Pine's principal place of business is located in Wadsworth, Ohio.

*Defendants*

6. Amazon is a corporation organized under the laws of Delaware. Amazon's headquarters are located in Seattle, Washington. Among other things, Amazon operates a retail website providing customers access to consumer products for delivery directly to the consumer's home. In addition, Amazon produces electronic reading devices and tablet computers.

7. Magnolia is a limited liability company organized under the laws of Texas. Magnolia's headquarters are located in New York, New York. Among other things, Magnolia distributes movies throughout the United States by allowing consumers to purchase and view movies before the movies are released in theaters.

### IV. FACTUAL BACKGROUND

8. Red Pine owns United States Patent 8,424,048 (the "'048 patent") and United States Patent 8,521,601 (the "'601 patent").

9. The field of the invention of the '048 patent and the '601 patent is movie distribution. Movies have historically been distributed by leveraging the period of time when the public may only view the movie in a theatre. Thus, the movie distributor risked substantial capital to promote the movie, maximize box office sales, and prolong the exclusive period during which the movie was only available for viewing in the theater.

10. This historic method of movie distribution posed a number of challenges and missed opportunities. For example, promoting a movie in order to drive box office sales is expensive and time-consuming. In addition, and obviously, not all movies have the same potential at the box office. The target audience of *Best Man Down* is not the same as the target audience of *Avatar* or *Titanic*.

11. The '048 and '601 inventions provide a solution. By segmenting the movie distribution market and determining which movies' potential at the box office does not warrant the same promotional effort, companies may distribute movies like *Best Man Down* to hand-held devices like Kindle Fire for viewing before *Best Man Down* is publicly available for viewing in theaters or on DVD.

## V. CLAIMS ALLEGED

### Count I
### Patent Infringement Against Amazon

12. Red Pine repeats the allegations of paragraphs 1 through 11 of this Complaint as though fully alleged herein.

13. Red Pine is the exclusive owner of the '048 patent, which is attached as Exhibit 1.

14. The '048 patent is valid and enforceable.

15. Amazon directly infringes claims of the '048 patent. Amazon makes, uses, sells, and offers for sale products, methods, equipment, and services that practice claims 1, 2, 4, 8, 10, 13, 14, 15, 18, 19, and 20 of the '048 patent.

16. For example, and without limiting the '048 patent claims that will be asserted in this action or the Amazon devices and services accused of infringing the '048 patent claims, the distribution of *Best Man Down* through Amazon's Kindle Fire infringed claim 1 of the '048 patent.

17. Claim 1 is "[a] handheld portable electronic device (HPED) [that] purchases and downloads . . . the feature length movie before a public release date of the feature length movie . . . ." Amazon makes, uses, and sells the Kindle Fire, which purchases and downloads feature length movies like *Best Man Down* before the movie's public release date.

18. The invention as claimed in claim 1 "plays the feature length movie on the display before the feature length movie is publicly available for viewing by a general public in movie theaters . . . ." Once a movie like *Best Man Down* has been downloaded, the Kindle Fire plays the movie before the general public may view the movie in the theaters.

19. Claim 1 is a device "wherein a private release group of the general public purchases" the movie for viewing before the movie is released in theaters. Before an individual may purchase *Best Man Down* from Amazon and view the movie before the release date, this individual must become a member of Amazon, and thereby become part of a "private release group."

20. According to claim 1, members of the private release group "designate specific times when the feature length movie plays on the HPEDs before the feature length movie is publicly available for viewing by the general public in movie theaters." Individuals who

purchased *Best Man Down* from Amazon designated where, when, and how they would play the movie, and many of these individuals played *Best Man Down* before it was out in theaters.

## Count II
### Patent Infringement Against Amazon and Magnolia

21. Red Pine is the exclusive owner of the '601 patent, which is attached as Exhibit 2.

22. The '601 patent is valid and enforceable.

23. Amazon and Magnolia directly infringe claims of the '601 patent. Amazon, Magnolia, or both make, use, sell, and offer for sale products, methods, equipment, and services that practice claims 1 and 4 of the '601 patent.

24. For example, and without limiting the '601 patent claims that will be asserted in this action or the Amazon and Magnolia devices and services accused of infringing the '601 patent claims, the distribution of *Best Man Down* through Amazon's Kindle Fire infringed and infringes claim 1 of the '601 patent.

25. Claim 1 is a method of displaying "an advertisement to purchase a feature length film (FLM) before the FLM is publicly available to view in movie theaters and before the FLM is publicly available to buy on digital video disks (DVDs) . . . ." Amazon and Magnolia advertised *Best Man Down* for purchase before the movie was publicly available to view in movie theaters and before the movie was publicly available to buy on DVD.

26. The method of claim 1 involves displaying a movie trailer for the FLM. Amazon and Magnolia displayed a movie trailer for *Best Man Down*.

27. When practicing claim 1, you sell the FLM for purchase with "handheld portable electronic devices (HPEDs) before the FLM is publicly available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs." Amazon and Magnolia sold *Best*

*Man Down* for purchase with a Kindle Fire before *Best Man Down* was in the theaters and before *Best Man Down* was publicly available on DVD.

28. The claim 1 method involves wirelessly transmitting and downloading of the FLM. Amazon and Magnolia did this with respect to sales and rentals of *Best Man Down*. These sales and rentals were also "downloaded to the HPEDs such that the FLM plays on the HPEDs at times decided by the individuals viewing the FLM with the times being before the FLM is publicly available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs . . . ."

29. Amazon and Magnolia practiced the remaining steps of claim 1 because *Best Man Down* was distributed to movie theaters and is greater than sixty minutes long.

## VI. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VII. REQUEST FOR RELIEF

WHEREFORE, Red Pine prays for the following relief against Amazon and Magnolia:

(A) Judgment that Amazon has directly infringed claims of the '048 and '601 patent claims;

(B) Judgment that Magnolia has directly infringed claims of the '601 patent;

(C) For a reasonable royalty;

(D) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law; and

(E) For such other and further relief as the Court may deem just and proper.

-7-

Date: January 15, 2014  Respectfully submitted,

RED PINE POINT LLC

By: _____
One of Plaintiff's Attorneys

Joseph J. Siprut
*jsiprut@siprut.com*
Melanie K. Nelson
*mnelson@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906

Matthew M. Wawrzyn
*matt@wawrzynlaw.com*
Stephen C. Jarvis
*stephen@wawrzynlaw.com*
**WAWRZYN LLC**
233 S. Wacker Dr.
84th Floor
Chicago, Illinois  60606
312. 283.8330

4852-6026-4728, v.  1