**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RED PINE POINT LLC, | |
| Plaintiff, | Case No. 1:14-cv-00274 |
| v. | JURY TRIAL DEMANDED |
| AMAZON.COM, INC. AND MAGNOLIA PICTURES LLC, | HON. JAMES F. HOLDERMAN |
| Defendants. | |
| RED PINE POINT LLC, | |
| Plaintiff, | Case No. 1:14-cv-00290 (Consolidated with Case No. 1:14-cv-00274) |
| v. | |
| AMAZON.COM, INC. AND THE WEINSTEIN COMPANY LLC, | JURY TRIAL DEMANDED |
| Defendants. | |
| RED PINE POINT LLC, | |
| Plaintiff, | Case No. 1:14-cv-00291 (Consolidated with Case No. 1:14-cv-00274) |
| v. | |
| APPLE INC. AND THE WEINSTEIN COMPANY LLC, | JURY TRIAL DEMANDED |
| Defendants. | |
| RED PINE POINT LLC, | |
| Plaintiff, | Case No. 1:14-cv-00292 (Consolidated with Case No. 1:14-cv-00274) |
| v. | |
| APPLE INC. AND MAGNOLIA PICTURES LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
JOINT MOTION TO TRANSFER VENUE TO THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.    BACKGROUND ............................................................................................ 1

   A.   Nature Of This Case........................................................................................1

   B.   Location Of The Witnesses And Evidence.......................................................2

       1.   The Vast Majority of the Defendants' Relevant Witnesses and Documents Are Located in the Northern District of California. ...............................2

       2.   At Least One Key Third Party Witness Already Identified Is Located in California. ...............................................................................................7

       3.   Red Pine and the Named Inventors Are Not Connected to the Northern District of Illinois.................................................................................8

III.   ARGUMENT ................................................................................................. 8

   A.   Venue Is Proper In The Transferor District. ....................................................9

   B.   Venue And Jurisdiction Are Proper In The Transferee District. ........................9

   C.   The Convenience Of The Parties And Witnesses Favors Transfer......................9

       1.   Plaintiff's Choice of Forum Is Entitled to Little If Any Deference in this Case..............................................................................................10

       2.   The *Situs* of Material Events Favors Transfer. ...........................................11

       3.   Ease of Access to Sources of Proof Favors Transfer.................................11

       4.   The Convenience of the Witnesses Favors Transfer.................................12

       5.   The Convenience of the Parties Favors Transfer.....................................13

   D.   The Interest of Justice Favors Transfer...........................................................14

       1.   Speed to Resolution Favors Transfer.......................................................14

       2.   The Desirability of Resolving the Controversy in Northern California Favors Transfer. ....................................................................................15

IV.   CONCLUSION............................................................................................ 15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**CASES**

*Amorose v. C.H. Robinson Worldwide, Inc.*,
  521 F. Supp. 2d 731 (N.D. Ill. 2007) ......................................................................14

*Body Sci. LLC v. Boston Sci. Corp.*,
  846 F. Supp. 2d 980 (N.D. Ill. 2012) ...........................................................9, 11, 13

*Brunswick Bowling and Billiards Corp. v. Qubica USA, Inc.*,
  No. 05-cv-3603, 2005 WL 2367764 (N.D. Ill. Sept. 26, 2005)........................ vi, 12

*Coffey v. Van Dorn Iron Works*,
  796 F.2d 217 (7th Cir. 1986) ................................................................................9

*Cooper Bauck Corp. v. Dolby Labs., Inc.*,
  No.05-cv-7063, 2006 WL 1735282 (N.D. Ill. June 19, 2006)............................v, 14

*Digital Background Corp. v. Apple Inc.*,
  No. 07-cv-803, 2008 WL 8184337 (S.D. Ill. Mar. 17, 2008) .............................v, 13

*Hanley v. Omarc, Inc.*,
  6 F. Supp. 2d 770 (N.D. Ill. 1998) ........................................................................15

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010).............................................................................11

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)..............................................................................12

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)...........................................................................9, 10

*J & L Mgmt. Corp. v. ArcelorMittal Wierton, Inc.*,
  No. 08-cv-4749, 2008 WL 5082980 (N.D. Ill. Nov. 25, 2008) ...........................v, 10

*Lewis v. Grote Indus.*,
  841 F. Supp. 2d 1049 (N.D. Ill 2012) ........................................................... passim

*Moore v. Motor Coach Indus.*,
  487 F. Supp. 2d 1003 (N.D. Ill. 2007) ..................................................................10

*Rudd v. Lux Prods. Corp.*,
  No. 1:09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011)...........................v, 12

*Wash. Nat'l Life Ins. Co. v. Calcasieu Parish School Bd.*,
  No. 05-cv-2551, 2006 WL 1215413 (N.D. Ill. May 02, 2006)...........................v, 14

**STATUTES**

28 U.S.C. § 1400(b) ........................................................................................................9

28 U.S.C. § 1404(a) ...........................................................................................1, 8, 9, 14

### TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '048 patent | United States Patent No. 8,424,048 |
| '601 patent | United States Patent No. 8,521,601 |
| Red Pine or plaintiff | Plaintiff Red Pine Point LLC |
| Amazon | Defendant Amazon.com, Inc. |
| Apple | Defendant Apple Inc. |
| Magnolia | Defendant Magnolia Pictures LLC |
| TWC | Defendant The Weinstein Company LLC |
| Defendants | Defendants Amazon, Apple, Magnolia, and TWC |
| Lab126 | Lab126, a wholly-owned subsidiary of Amazon |
| -274 Compl. | Complaint against Amazon and Magnolia, Case No. 1:14-cv-274, Dkt. No. 1 |
| -290 Compl. | Complaint against Amazon and TWC, Case No. 1:14-cv-290, Dkt. No. 1 |
| -291 Compl. | Complaint against Amazon and TWC, Case No. 1:14-cv-291, Dkt. No. 1 |
| -292 Compl. | Complaint against Amazon and Magnolia, Case No. 1:14-cv-292, Dkt. No. 1 |

## TABLE OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Declaration of Mark Buckley, Finance Manager at Apple Inc. in Cupertino, California |
| B | Declaration of Kevin Keller, Associate General Counsel at Lab126 in Cupertino, California |
| C | Declaration of Bruce Li, Manager of Software Development at Amazon in Seattle, Washington |
| D | Declaration of Christopher Paul Matson, Head of Business Affairs & Production at Magnolia in Los Angeles, California |
| E | Declaration of Andy Kim, Chief Financial Officer at TWC in New York, New York |
| F | Declaration of Gabriel Monterrubio, Vice President of Digital Media Production at Magnolia in Los Angeles, California |
| G | Nevada Secretary of State Domestic Limited-Liability Company Filing for Red Pine Point LLC |
| H | Assignments of '048 and '601 patents from Robert Lyren to Philip Lyren |
| I | *Cooper Bauck Corp. v. Dolby Labs., Inc.,* No.05-cv-7063, 2006 WL 1735282 (N.D. Ill. June 19, 2006) |
| J | *Rudd v. Lux Prods. Corp.*, No. 1:09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011) |
| K | *Digital Background Corp. v. Apple Inc.*, No. 07-cv-803, 2008 WL 8184337 (S.D. Ill. Mar. 17, 2008) |
| L | Admin. Office of the U.S. Courts, Judicial Business of the United States Courts: 2013 Annual Report of the Director, Table C-5 (September 2013) |
| M | *J & L Mgmt. Corp. v. ArcelorMittal Wierton, Inc.*, No. 08-cv-4749, 2008 WL 5082980 (N.D. Ill. Nov. 25, 2008) |
| N | *Wash. Nat'l Life Ins. Co. v. Calcasieu Parish School Bd.*, No. 05-cv-2551, 2006 WL 1215413 (N.D. Ill. May 02, 2006) |
| O | U.S. Pat. App. Pub. 2006/0247976 |
| P | Excerpt of '601 Patent File History, 5/22/13 Final Rejection |

| Q | U.S. Pat. App. Pub. 2002/0154157 |
|---|---|
| R | U.S. Pat. No. 7,584,353 |
| S | *Brunswick Bowling and Billiards Corp. v. Qubica USA, Inc.*, No. 05-cv-3603, 2005 WL 2367764 (N.D. Ill. Sept. 26, 2005) |
| T | Declaration of James L. Davis, Jr. |

## I.     INTRODUCTION

Plaintiff filed four patent infringement cases, outside its home forum, alleging that the popular Apple iPad and Amazon Kindle Fire devices infringe two patents relating to movie distribution.   Apple and Amazon developed their respective devices in California.    The documents relating to those devices are in California.   The documents relating to the accused software on those devices and the movies offered through the devices are in California for Apple, and in California and Seattle for Amazon.   Apple and its relevant employees are based in California, and Amazon and its relevant employees are in California and Seattle.   The remaining two defendants are film studios located in New York with relevant employee-witnesses in New York and California.   The plaintiff, a Nevada corporation with a principal place of business in Ohio, has no connection to Illinois.  (Compl., Case No. 1:14-cv-274, Dkt. No. 1 ("-274 Compl.") ¶ 5.)  The inventors do not live in Illinois.

The sole connection between these cases and this District is the location of plaintiff's lawyers – a factor that is irrelevant under settled law.   By any measure, the more convenient venue for these cases is the Northern District of California, and this Court should transfer the cases pursuant to 28 U.S.C. § 1404(a).   For this reason, as discussed more fully below, Defendants Amazon.com, Inc. ("Amazon"), Apple Inc. ("Apple"), Magnolia Pictures LLC ("Magnolia"), and The Weinstein Company, LLC ("TWC") (collectively "Defendants") respectfully request that the Court transfer these cases to the Northern District of California because it is significantly more convenient.

## II.    BACKGROUND

### A.     Nature Of This Case.

Plaintiff Red Pine Point LLC ("Red Pine") filed four cases on January 15, 2014 against

the Defendants.[1]  Each defendant is accused of infringing United States Patent No. 8,521,601 ("the '601 patent").  Amazon and Apple are also accused of infringing United States Patent No. 8,424,048 ("the '048 patent").[2]  The '601 patent is entitled "Marketing and Selling Feature Length Movies Over Networks" and the '048 patent is entitled "Portable Electronic Device for Receiving and Playing Feature Length Movies."  (-274 Compl. Exs. 1, 2.)

Red Pine asserts that the distribution of Magnolia's *Best Man Down* through Apple's iPad and Amazon's Kindle Fire infringed claim 1 of the '048 patent and claim 1 of the '601 patent.  (-274 Compl. ¶¶ 16, 24; -292 Compl. ¶¶ 16, 24.)  And in the cases involving TWC, Red Pine asserts that the distribution of *Bachelorette* through Apple's iPad and Amazon's Kindle Fire infringed claim 1 of the '048 patent and claim 1 of the '601 patent.  (-290 Compl. ¶¶ 16, 24; -291 Compl. ¶¶ 16, 24.)  Although Red Pine's complaints do not identify the accused software on the Apple iPad and Amazon Kindle Fire, Red Pine is presumably accusing Apple's iTunes software and Amazon's Instant Video software on those respective devices.

**B.     Location Of The Witnesses And Evidence.**

        **1.     The Vast Majority of the Defendants' Relevant Witnesses and Documents Are Located in the Northern District of California.**

The accused activity is centered in the Northern District of California.   Apple is

---

[1] Not all Defendants are accused in each filed case.  By case, the defendants are Amazon and Magnolia (Case No. 1:14-cv-274), Amazon and TWC (Case No. 1:14-cv-290), Apple and TWC (Case No. 1:14-cv-291), and Apple and Magnolia (Case No. 1:14-cv-292).  (*See* -274 Compl.; Compl., Case No. 1:14-cv-290, Dkt. No. 1 ("-290 Compl."); Compl., Case No. 1:14-cv-291, Dkt. No. 1 ("-291 Compl."); Compl., Case No. 1:14-cv-292, Dkt. No. 1 ("-292 Compl.").)

[2] On April 18, 2014, Red Pine moved to consolidate the four cases.  (Case No. 1:14-cv-274, Dkt. No. 8.)  During the April 29, 2014 presentment of the motion, the Court granted the motion to consolidate (Dkt. No. 10) and Defendants noted that they intended to move to transfer.  At a May 1, 2014 hearing, the Court requested that Defendants file a motion to transfer by May 8, 2014.  Defendants have recently agreed to waive service of the Complaints, and the parties have agreed to file a joint motion to continue Defendants' deadline to answer or respond until July 15, 2014.

headquartered in the Northern District of California. (Ex. A, Buckley Decl. ¶ 3.)[3] Amazon's wholly-owned subsidiary Lab126 is also headquartered in the Northern District of California, where Amazon developed the Kindle Fire. (Ex. B, Keller Decl. ¶ 2.)[4]

### (a)  Apple

Apple is a California corporation headquartered in Cupertino, California. (-292 Compl. ¶ 6; Ex. A, Buckley Decl. ¶ 3.) Apple's management and primary research and development facilities are located in the Northern District of California. (Ex. A, ¶ 4.) There, Apple employs about 17,400 people. (*Id*. ¶ 4.) Apple employees who are most knowledgeable about the accused content offered through Apple's iTunes and iPads, the marketing of Apple's iTunes, and the financial matters relating to the accused content offered through iTunes and the iPads, are located in the Northern District of California and other parts of California. (*Id*. ¶¶ 5, 6.) For example, likely witnesses include Josh Lippman, Director of Video Content for iTunes, located in Cupertino, California; Matt Dentler, Partner Manager for Independent Film Content, located in Los Angeles, California; Chris Bell, Head of Worldwide Consumer & Product Marketing, Apple iTunes, located in Cupertino, California; and Mark Buckley, Finance Manager, located in Sunnyvale, California. (*Id*. ¶¶ 1, 6.)[5]

The electronic and paper records associated with the accused content offered through iTunes and the iPads are predominantly located in or near Cupertino and other parts of California. (*Id*. ¶ 5.) The design and development of the relevant functionality on the accused

---

[3] Submitted herewith as Exhibit A is the declaration of Mark Buckley, Finance Manager at Apple Inc. in Sunnyvale, California.

[4] Submitted herewith as Exhibit B is the declaration of Kevin Keller, Associate General Counsel at Lab126 in Cupertino, California. Also submitted herewith as Exhibit C is the declaration of Bruce Li, Manager of Software Development at Amazon in Seattle, Washington.

[5] Apple's representations are based on Apple's present understanding of Red Pine's claims from the limited information in Red Pine's Complaints at this preliminary stage of the case. (*See generally* Ex. A., Buckley Decl.)

iPads and the iTunes software on the iPads occurred predominantly in or near Cupertino. (*Id.*) The electronic and paper records that exist of that work are also predominantly located in or near Cupertino. (*Id.*)

With respect to this case, Apple's ties to this district are the same ties that it has to many other districts: sales are made here and retail stores are located here. (*Id.* ¶ 10.) While Apple does have corporate offices located in the Chicago Loop, these offices primarily have responsibility for sales and customer support and they do not have employees with information relevant to the purported infringement allegations or anticipated defenses in this case. (*Id.* ¶ 8.) Apple sells its products nationwide and has more than 250 stores in the United States, only nine of which are located in this district.[6] (*Id.* ¶ 10.) Apple's retail stores are not alleged to have any connection to this lawsuit.

Apple is not aware of any documents related to the claims asserted as to Apple in this case that are located in the Northern District of Illinois. (*Id.* ¶ 7.) Apple is not aware of any employees with relevant knowledge concerning the claims asserted as to Apple in this case, or any other aspect of the subject matter of this litigation, who work in the Northern District of Illinois. (*Id.* ¶¶ 7, 8.)

**(b)    Amazon**

Amazon is a Delaware corporation headquartered in Seattle, Washington. (-274 Compl. ¶ 6; Ex. B, Keller Decl. ¶ 2.) Amazon's wholly-owned subsidiary Lab126 is headquartered in Cupertino, California. (Ex. B, Keller Decl. ¶ 2.) The accused Kindle Fire product was developed at Lab126's facilities in Cupertino and Sunnyvale, California, or under the supervision of employees of Lab126 who work in Cupertino and Sunnyvale, California. (*Id.* ¶ 3; Ex. C, Li

---

[6] *See also* http://www.apple.com/retail/storelist/.

Decl. ¶ 4.)  Amazon Instant Video is developed at Amazon's offices in Seattle, Washington, and its implementation on the accused Amazon Fire hardware product is developed both at Amazon's offices in Seattle, Washington and at Lab126's offices in Cupertino and Sunnyvale, California.  (Ex. B, Keller Decl. ¶ 4.)

Likely witnesses involved in the development or implementation of the accused products include the following witnesses located in either Cupertino or Sunnyvale, California  (the Northern District of California): Victor Wilburn, Senior Manager; Al Scalise, Senior Hardware Engineer; Yang Liu, Senior Software Development Engineer; Alex Guion, Software Development Manager; Donald Chan, Software Development Engineer; and Christopher Lang, Software Development Manager.  (*Id.* ¶ 3.)  In addition, the following likely witnesses are located in Seattle, Washington: Alvin Yang, Amazon Senior Software Development Engineer; Patrick Schnell, Senior Manager; Matt Bordenet, Manager of Software Development; Bruce Li, Manager of Software Development; and Dhiraj Bhatt, Principal Content Protection Specialist.  (*Id.* ¶¶ 3, 4.)[7]

Nearly all of the documents relating to the development of the Kindle Fire are located at Lab126 in Cupertino and Sunnyvale, California.  (*Id.* ¶ 6.)  Nearly all of the documents relating to the development of the Amazon Instant Video software products apparently accused of infringement are located at Lab126 in Cupertino and Sunnyvale, CA, and Amazon headquarters in Seattle, Washington.  (*Id.* ¶ 7.)

Amazon is not aware of any documents related to the accused products or activities that are located in the Northern District of Illinois.  (*Id.* ¶ 8.)  Neither Lab126 nor Amazon has any

---

[7] Amazon's representations are based on its present understanding of Red Pine's claims from the limited information in Red Pine's Complaints at this preliminary stage of the case.  (*See generally* Ex. B., Keller Decl.; Ex. C, Li Decl.)

employees who work in the Northern District of Illinois. (*Id*. ¶ 5.)

(c) <strong>Magnolia and TWC</strong>

Magnolia is a Delaware limited liability company headquartered in New York, New York. (-274 Compl. ¶ 7; Ex. D, Matson Decl. ¶ 3.)[8] TWC is a Delaware limited liability company headquartered in New York, New York. (-290 Compl. ¶ 7; Ex. E, Kim Decl. ¶ 3.)[9] Red Pine's Complaints allege that Magnolia and TWC distribute "movies throughout the United States by allowing consumers to purchase and view movies before the movies are released in theaters" through the accused Apple iPad and Amazon Kindle Fire products, in addition to allegedly performing certain advertising activities and displaying movie trailers for these movies. (-274 Compl. ¶¶ 7, 23-29; -290 Compl. ¶¶ 7, 23-29; -291 Compl. ¶¶ 7, 23-29; -292 Compl. ¶¶ 7, 23-29.)

Magnolia's and TWC's documents and potential witnesses related to the accused activity are located in New York and California. (Ex. D, Matson Decl. ¶ 4; Ex. E, Kim Decl. ¶ 4; Ex. F, Monterrubio Decl. ¶¶ 2-3.) The Northern District of California is at least as convenient to Magnolia's and TWC's witnesses as compared to the Northern District of Illinois. (Ex. D, ¶ 5; Ex. E, ¶ 5; Ex. F, ¶ 4.)[10]

Magnolia and TWC are not aware of any documents related to the accused activities that are located in the Northern District of Illinois. (Ex. D, ¶ 6; Ex. E, ¶ 6.) Magnolia and TWC are

---

[8] Submitted herewith as Exhibit D is the declaration of Christopher Paul Matson, Head of Business Affairs & Production at Magnolia in Los Angeles, California. Also submitted herewith as Exhibit F is the declaration of Gabriel Monterrubio, Vice President of Digital Media Production at Magnolia in Los Angeles, California.

[9] Submitted herewith as Exhibit E is the declaration of Andy Kim, Chief Financial Officer of TWC.

[10] Magnolia's and TWC's representations are based on their present understanding of Red Pine's claims from the limited information in Red Pine's Complaints at this preliminary stage of the case. (*See generally* Ex. D, Matson Decl.; Ex. E, Kim Decl.; Ex. F, Monterrubio Decl.)

not aware of any employees with relevant knowledge concerning the accused activities, or any other aspect of the subject matter of this litigation, who work in the Northern District of Illinois. (Ex. D, ¶ 7; Ex. E, ¶ 7; Ex. F, ¶ 4.)

*   *   *

All of the foreseeable relevant Apple and Amazon witnesses and evidence related to the accused products and activities, including those whom Apple and Amazon anticipate including in their initial disclosures, are located within the Northern District of California; Los Angeles, California; or in Seattle, Washington. (Ex. A, Buckley Decl. ¶¶ 5, 6; Ex. B, Keller Decl. ¶¶ 3, 4, 6, 7; Ex. C, Li Decl. ¶¶ 2-4.)

### 2. At Least One Key Third Party Witness Already Identified Is Located in Northern California.

In the prosecution of Red Pine's '601 patent, a critical prior art reference was U.S. Pat. App. Pub. 2006/0247976 to Bruno Posokhow et al. entitled "On-Line Media Store That Supports Pre-Ordering Of Digital Media Assets" (Ex. O). The title alone indicates the relevance of this prior art to Red Pine's patents on viewing movies before they are released in theatres, and the patent examiner agreed. (Ex. P, Excerpt of '601 Patent File History, 5/22/13 Final Rejection.) While this prior art is assigned to Apple, the first-named inventor Bruno Posokhow is a former Apple employee (and also a former employee of Lab126). He is currently an employee of Google in Northern California to the best of Defendants' knowledge and is therefore a third-party witness.[11] Other prior art patents similarly have inventors located in the Northern District of California. (See, e.g., Ex. Q, U.S. Pat. App. Pub. 2002/0154157 entitled "Website System and Process for Selection and Delivery of Electronic Information on a Network" (inventors in San Francisco and Menlo Park, CA); Ex. R, U.S. Patent No. 7,584,353 entitled "Preventing

---

[11] http://www.yatedo.com/p/Bruno+Posokhow/normal/5f5bc89871a104a9d423699ba663f7b4 (last visited May 1, 2014).

Unauthorized Distribution of Media Content Within a Global Network" (inventors in Santa Cruz, CA).)

### 3. Red Pine and the Named Inventors Are Not Connected to the Northern District of Illinois.

Red Pine does not appear to have any connection to the Northern District of Illinois. Red Pine is a Nevada company with a principal place of business in Wadsworth, Ohio in the Northern District of Ohio. (-274 Compl. ¶ 5.) Based on information gathered to date, Defendants do not have any reason to believe that either of the two named inventors of the '048 and '601 patents lives or works in the Northern District of Illinois. Philip Lyren is the first named inventor, the prosecuting attorney of the patents-in-suit and the manager of Red Pine (according to Red Pine's filings with the Nevada Secretary of State). (*See* Ex. G, Nevada Secretary of State Domestic Limited-Liability Company Filing.) Both named inventors reside in Ohio. (*See* '601 patent (Ex. 2 to -274 Compl.); Ex. H, Assignments of '048 and '601 patents from Robert Lyren to Philip Lyren.)[12]

## III.    ARGUMENT

"A court may transfer a case under § 1404 when '(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice.'" *Lewis v. Grote Indus.*, 841 F. Supp. 2d 1049, 1052 (N.D. Ill 2012) (Holderman, J.) (citation omitted); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the

---

[12] It appears that the inventors used to live in Bangkok, Thailand. (*See* '048 patent (Ex. 1 to -274 Compl.).)

interest of justice, a district court may transfer any civil action to any other district … where it might have been brought….").[13]  All three requirements are met here.[14]

### A. Venue Is Proper In The Transferor District.

Defendants Apple and Amazon sell the accused products nationwide.  Defendants Magnolia and TWC distribute movies in the Northern District of Illinois.  For the purpose of this motion, Defendants do not dispute that venue is proper in the transferor district.  *See* 28 U.S.C. § 1400(b) (patent action may be brought where the defendant has allegedly committed acts of infringement).

### B. Venue And Jurisdiction Are Proper In The Transferee District.

Defendants Apple and Amazon sell the accused products nationwide, and Apple has retail stores across the nation, including in the Northern District of California.  (*See* Ex. A, ¶ 10.) Defendants Magnolia and TWC distribute movies in the Northern District of California.  The Defendants conduct continuous and systematic business in the Northern District of California. And venue is thus proper in the transferee district.  *See* 28 U.S.C. § 1400(b) (patent action may be brought where the defendant has allegedly committed acts of infringement).

### C. The Convenience Of The Parties And Witnesses Favors Transfer.

Courts in this District use five factors to analyze convenience: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums."  *Body Sci. LLC v. Boston Sci. Corp.*, 846 F. Supp. 2d 980, 992 (N.D. Ill. 2012) (*citing Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978

---

[13] The Federal Circuit applies regional circuit law when evaluating transfer.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

[14] As movant, Defendants have the burden to show that transfer pursuant to 28 U.S.C. § 1404(a) is warranted.  *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

(7th Cir. 2010)); *see also Lewis*, 841 F. Supp. 2d at 1053. As explained below, the first factor is entitled to little deference in this case, and the other four factors favor transfer.

### 1. Plaintiff's Choice of Forum Is Entitled to Little If Any Deference in this Case.

The deference normally accorded the plaintiff's choice of forum is inapplicable under the circumstances of this case. Plaintiff Red Pine is organized under the laws of Nevada and has its principal place of business in Ohio. (-274 Compl. ¶ 5.) When a plaintiff chooses to file suit in a district other than its home forum, any deference to that choice is lessened. *See, e.g.*, *J & L Mgmt. Corp. of Ohio v. ArcelorMittal Wierton, Inc.*, No. 08-cv-4749, 2008 WL 5082980, at *3 (N.D. Ill. Nov. 25, 2008) (Ex. M).

Further, less deference is given "when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events." *Moore v. Motor Coach Indus.*, 487 F. Supp. 2d 1003, 1007 (N.D. Ill. 2007) (*citing Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)). Here, the Chicago area has no connection to this suit other than retail sales, which occur in practically every district in the country. These sales do not weigh against transfer. *See TS Tech.*, 551 F.3d at 1321 ("[The] allegedly infringing [products] were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue."); *Lewis*, 841 F. Supp. 2d at 1053 (ordering transfer and finding that sales did not create a substantial connection to the chosen forum because the accused products were sold in many other states). The *situs* of material events is in Northern California, home to Apple's and Lab126's headquarters and therefore the relevant design facilities for the accused Apple iTunes and iPad products and Amazon Kindle Fire products, respectively.

### 2. The *Situs* of Material Events Favors Transfer.

For transfer purposes in patent cases, the Federal Circuit has considered the location where the alleged infringer designed, researched, developed, and tested the accused products. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (transferring case to Northern District of California where defendant researched and developed accused products). Material events in this case occurred in and around Cupertino, California, where Apple's and Lab126's relevant design and development facilities are situated. For Apple, the design and development of the accused functionality on iPads and in iTunes software was predominantly performed in and around its main campus in Cupertino, California. (Ex. A, ¶ 5.) For Amazon, Lab126 performed the design and development of the accused Amazon Kindle Fire in and around its headquarters in Cupertino, California. (Ex. B, ¶ 3.) Amazon developed its Instant Video software in Seattle, Washington, and Instant Video's implementation on the accused Amazon Fire hardware product both in Seattle, Washington and at Lab126's offices in Cupertino and Sunnyvale, California. (*Id.* ¶ 4.)

For their part, Magnolia's and TWC's activities do not affect the analysis because their accused infringing activity (advertising, displaying trailers for, and distributing certain movies) is not specific to the Northern District of Illinois – especially as compared to the Northern District of California. (*See, e.g.*, Ex. D, ¶¶ 4-7; Ex. E, ¶¶ 5-7; Ex. F, ¶¶ 2-4.)

Thus, this factor favors transfer to the Northern District of California.

### 3. Ease of Access to Sources of Proof Favors Transfer.

Apple's and Amazon's documents and physical evidence associated with the accused functionality are predominantly located in the Northern District of California and Seattle, Washington. (Ex. A, ¶ 5; Ex. B, ¶¶ 6, 7.) Although this factor is less important given that documents will be exchanged in electronic rather than physical format, see *Body Sci.*, 846 F.

Supp. 2d at 995, it still favors transfer. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.") (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006) (internal quotation marks omitted)). Because Red Pine's principal place of business is in Ohio (-274 Compl. ¶ 5), the location of its documents does not count against transfer. *See Rudd v. Lux Prods. Corp.*, No. 1:09-cv-6957, 2011 WL 148052, at *6 (N.D. Ill. Jan. 12, 2011) (Ex. J) (transferring case in part because plaintiffs did not file in home district and so their "source of proof … will have to be transported to either forum"). Similarly, the location of Magnolia's and TWC's documents in New York is a neutral factor because they will need to be transported to either forum. The ease of access to proof factor favors transfer.

### 4. The Convenience of the Witnesses Favors Transfer.

The convenience of third-party witnesses also favors transfer. "The location and convenience of 'potential, non-party witnesses' is often viewed as the 'most important factor in the transfer balance.'" *Brunswick Bowling and Billiards Corp. v. Qubica USA, Inc.*, No. 05-cv-3603, 2005 WL 2367764, at *3 (N.D. Ill. Sept. 26, 2005) (citation omitted) (Ex. S). To the extent that any former employees of Apple or Lab126 with relevant information are still located in the Northern District of California, their presence in the district would weigh in favor of transfer. Third-parties located in the Northern District of California may also be important as prior art witnesses. In particular, Bruno Posokhow (mentioned earlier) is a former Apple and Lab126 employee and first-named inventor on a critical prior art reference. He is currently a Google employee located in the Northern District of California. In addition, other prior art inventors live in the Bay Area. (*See, e.g.*, Exs. Q and R (discussed above in §II.B.2).) While Defendants are just beginning their search, no third-party witnesses in Illinois are apparent or

have been identified. This factor therefore favors transfer for the benefit of Mr. Posokhow and other likely third-party witnesses in the Silicon Valley area.

### 5.    The Convenience of the Parties Favors Transfer.

Witnesses in this case will be Apple and Amazon employees responsible for designing and developing Apple's relevant iTunes and iPad functionality, and Amazon's relevant Instant Video and Kindle Fire functionality, and providing the accused content through these accused products. For Apple, these employees live in or around Cupertino and other areas of California. (Ex. A, ¶ 6.) For Amazon, these employees live in the Northern District of California, near Lab126's headquarters, and also near Amazon's headquarters in Seattle. (Ex. B, ¶¶ 3, 4.) Thus, it would be substantially more convenient for Apple's witnesses and at least half of Amazon's witnesses to attend a trial in the Northern District of California than one held in the Northern District of Illinois. In California, only local travel would be required of these witnesses. In contrast, attending trial in Chicago would require them to travel across the country to get to and from the trial. (*See, e.g.*, Ex. A, ¶ 9; Ex. B, ¶¶ 3, 4; Ex. C, ¶ 5.)

Witnesses from Magnolia and TWC would not be further inconvenienced by transfer. Potential Magnolia and TWC witnesses predominantly reside in New York and California – thus, transfer may even be more convenient for Magnolia and TWC. (Ex. D, ¶¶ 4-5; Ex. E, ¶¶ 4-5; Ex. F, ¶¶ 3-4.)

Transfer would not materially impact any alleged inconvenience to Red Pine. By filing in this District rather than its home forum in the Northern District of Ohio, Red Pine has indicated a willingness to travel to attend trial. *See Body Sci.*, 846 F. Supp. 2d at 997 (transferring case in which plaintiff "must travel regardless" but defendant would need to travel only if the case were not transferred); *Digital Background Corp. v. Apple Inc.*, No. 07-cv-803, 2008 WL 8184337, at *3 (S.D. Ill. Mar. 17, 2008) (Ex. K) (witness-convenience factor weighed

in favor of transfer where Apple's witnesses were located in the Northern District of California but plaintiff's witnesses would have to travel regardless). Although plaintiff's counsel resides in Chicago, that fact is irrelevant to transfer. *See Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 736 (N.D. Ill. 2007) (finding location of plaintiff's counsel in Chicago "not relevant" and ordering transfer).

### D. The Interest of Justice Favors Transfer.

The final consideration under *§ 1404(a)* is whether a change of venue would serve the interests of justice. In addition to the private interest in convenience favoring transfer, the public interest of justice favors transfer. To determine which venue will better serve the interest of justice, a district court may contemplate the following: "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Lewis*, 841 F. Supp. 2d at 1055 (citation and quotation marks omitted). The second and third factors are neutral because the cases have been consolidated and would be transferred together to another court familiar with patent law.[15] However, the first factor favors transfer. In addition, "[r]esolving litigated controversies in their locale is a desirable goal of the federal courts." *Id.* (quoting *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997)).

#### 1. Speed to Resolution Favors Transfer.

Time to trial is faster in the Northern District of California than in the Northern District of Illinois – a factor that weighs in favor of transfer. *Wash. Nat'l Life Ins. Co. v. Calcasieu Parish School Bd.*, No. 05-cv-2551, 2006 WL 1215413, at *12-13 (N.D. Ill. May 02, 2006) (Ex.

---

[15] Patent law is applicable nationwide; so relative familiarity with the law is generally not an issue. *See Cooper Bauck Corp. v. Dolby Labs., Inc.*, No. 05-cv-7063, 2006 WL 1735282, at *7 (N.D. Ill. June 19, 2006) (Ex. I) (finding both this District and the Northern District of California well-equipped to accommodate patent cases). And it is not an issue here. Both the Northern District of California and the Northern District of Illinois have judges who are experienced in patent cases and are participants in the Patent Pilot Program. This factor is thus neutral.

N) (granting transfer in part because the case was likely to proceed to resolution more quickly in the transferee forum). The median time to trial for all cases is 29.0 months in the Northern District of Illinois and 24.6 months in the Northern District of California. (Ex. L, Admin. Office of the U.S. Courts, Judicial Business of the United States Courts: 2013 Annual Report of the Director Table C-5 (September 2013).) In addition, the time to trial for patent cases in the Northern District of Illinois is about 61.9 months on average, and the average time to trial in the Northern District of California is only about 34.7 months. (Ex. T, Davis Decl. ¶ 4.)

>          **2.      The Desirability of Resolving the Controversy in Northern California
>                   Favors Transfer.**

The Chicago area has no special claim to this case. The Bay Area, however, is where Apple and Lab126 are headquartered and the makers of many of the accused products (*e.g.*, Apple's iPad and iTunes, and Amazon's Kindle Fire) live and work. Courts can "have a significant interest in addressing a grievance against a corporation located within their jurisdiction." *Lewis*, 841 F. Supp. 2d at 1056. The Northern District of California is more invested in this matter and is "closer to the action." *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 777 (N.D. Ill. 1998) (transferring case to district where "material events occurred" away from district where pension plan in question was administered because transferee district was "undoubtedly" closer to the action).

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court transfer this case to the Northern District of California.

Dated:  May 8, 2014                                    Respectfully submitted,


*/s/ Adam K. Mortara*                                  */s/ Marc A. Cavan*
Adam K. Mortara (#6282005)                             James R. Batchelder (admitted *pro hac vice*)
BARTLIT BECK HERMAN                                    James.batchelder@ropesgray.com
  PALENCHAR & SCOTT LLP                                ROPES & GRAY LLP
54 W Hubbard Street, Suite 300                         1900 University Avenue, 6th Floor
Chicago, IL 60654                                      East Palo Alto, CA  94303-2284
Tel: (321) 494-4400                                    Telephone:  (650) 617-4000
Fax: (312) 494-4440                                    Facsimile:  (650) 566-4134
adam.mortara@bartlit-beck.com

**COUNSEL FOR DEFENDANT**                              Marc A. Cavan (IL Bar #6255725)
**AMAZON.COM, INC.**                                   Marc.cavan@ropesgray.com
                                                       ROPES & GRAY LLP
                                                       191 North Wacker Drive, 32nd Floor
                                                       Chicago, IL  60606-4302
                                                       Telephone:  (312) 845-1200
                                                       Facsimile:  (312) 845-5561

                                                       **COUNSEL FOR DEFENDANTS**
                                                       **APPLE INC., THE WEINSTEIN**
                                                       **COMPANY LLC, AND MAGNOLIA**
                                                       **PICTURES LLC IN CASE NOS. 1:14-CV-**
                                                       **291 AND 1:14-CV-292 (CONSOLIDATED**
                                                       **WITH CASE NO. 1:14-CV-274)**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served by first class mail on May 8, 2014.

_/s/ Adam K. Mortara_
Adam K. Mortara